IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANTONIO ORLANDER JERIDO,  )<br>                           )<br>    Plaintiff,           )<br>                           )<br>    v.                     )<br>                           )<br>LEE R. BOOTH, et al.,      )<br>                           )<br>    Defendants.            ) | CIVIL ACTION NO.<br>2:23cv409-MHT<br>(WO) |

AMENDED OPINION AND ORDER

Plaintiff, a state prisoner, filed this action in state court against an insurance company that he believed to be the surety for a group of state prosecutors. He asserted claims related to the prosecutors' alleged misconduct in failing to take action against a fellow prosecutor whom plaintiff contends was not competent. The insurance company removed the case to this court, asserting subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1441 (removal). Plaintiff then filed a motion to amend the complaint and drop the insurance company as a

defendant.  The United States Magistrate Judge granted the motion to amend.  The amended complaint pleads only state-law claims against multiple Alabama prosecutors.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the case be remanded to state court for lack of subject-matter jurisdiction.  There are no formal objections to the recommendation.  On the contrary, plaintiff filed a response to the recommendation (Doc. 28) noting that he had no objection to remanding the case.  However, shortly after filing the notice of no objection, plaintiff changed his mind and filed two motions to amend his amended complaint (Doc. 29 and Doc. 30) to add federal claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, thereby attempting to invoke the federal-question jurisdiction of this court.[1]  After an independent and de novo review of the record,

---

1. Plaintiff further asks the court to strike his response (Doc. 28) to the recommendation (Doc. 27), in which he agreed with the magistrate judge that this case should be remanded to the state court.

the court concludes that the motions to amend should be denied and the magistrate judge's recommendation should be adopted, for the following reasons.

Federal Rule of Civil Procedure 15(a) provides a plaintiff with the right to amend his complaint "once as a matter of course no later than ... 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A).  After 21 days has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

A "court should freely give leave [to amend] when justice so requires." *Id.*  However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Amendment would be futile when the proposed amended complaint would be subject to

3

dismissal. *See Hall*, 367 F.3d at 1263; *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

In his motions to amend, plaintiff seeks to amend the complaint to bring a race discrimination claim under § 1983, a civil conspiracy claim under § 1985, and a claim for negligent failure to prevent a conspiracy under § 1986 against all the named defendants.[2] However, on the face of the proposed amended complaint, it is evident that each of these purported claims are time-barred by the statute of limitations applicable to such actions.[3] Therefore, amendment would be futile.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations

---

2. He also moves to add a new defendant for these claims. *See* Motion to Amend (Doc. 29).

3. The court further finds that plaintiff's proposed amended complaint does not plead any plausible claims, and it does not appear that further amendment would change that. However, because plaintiff's claims are barred by the applicable statute of limitations, the court pretermits discussion of any further deficiencies.

governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted).  "Conspiracy claims under section 1985 [also] share the forum state's statute of limitations for tort claims."  *Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024) (citing *Rozar v. Mullis*, 85 F.3d 556, 560–61 (11th Cir. 1996)).  The governing limitations period in Alabama is two years.  *See McNair*, 515 F.3d at 1173 (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Moreover, 42 U.S.C. § 1986 specifically provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."  As a result, plaintiff must have brought his claims within either one or two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or

5

should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar*, 85 F.3d at 561–62).

Plaintiff alleges that defendants' purported misconduct took place from 2009 to 2013, and he claims to have discovered that misconduct on May 16, 2020. *See* Amended Complaint (Doc. 10) at 1, 2; Motion to Amend (Doc. 29) at 2–3, 5; *see also* State Court Complaint (Doc. 1-2) at 2, 3.  However, plaintiff did not file this action until May 2023--three years after the facts supporting his causes of action became apparent to him.  *See* State Court Complaint (Doc. 1-2) at 6.  Thus, plaintiff's purported §§ 1983, 1985, and 1986 claims are time-barred, and his motions seeking to assert such claims are futile.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment

6

would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (Moorer, M.J.) (noting that, because the plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile), *report and recommendation adopted*, No. 2:10-CV-607-WKW, 2010 WL 4791649 (M.D. Ala. Nov. 18, 2010).

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Plaintiffs' motions to amend (Doc. 29 and Doc. 30) are denied as futile.

(2) The United States Magistrate Judge's recommendation (Doc. 27) is adopted.

(3) Pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

(4) All other pending motions are left for resolution by the state court.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 20th day of August, 2024.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**